## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                         Case No.  13-20119

v.

                         HONORABLE DENISE PAGE HOOD

GUISEPPE D'ANNA (D-1) and
GIROLAMO D'ANNA (D-2),

     Defendants.
_____/

## ORDER REGARDING VARIOUS MOTIONS

### I.    BACKGROUND

On February 13, 2013, the grand jury indicted Defendants Guiseppe D'Anna and Girolamo D'Anna on three counts under the Hobbs Act, 18 U.S.C. § 1951, for conspiracy and extortion.  Defendants are charged with conspiring to commit extortion and interfering with the business interests of certain Victim 1 who owns and operates Noona's Kitchen restaurant in Shelby Township, Michigan, and that such acts affected commerce.  (Indictment, Doc. No. 3)

The underlying facts according to the Government is that beginning in the fall of 2009, Defendants owned and operated an Italian restaurant, called Tira Mi Su. Victim 1 began renovating a nearby Italian restaurant called Noona's Kitchen. Defendants are alleged to have confronted Victim 1 and another individual and

threatened their families if the competing restaurant was not closed.   Defendant Guiseppe D'Anna allegedly used his family's reputation as leaders of a Sicilian Costa Nostra or Mafia family in Terrasini, Italy, to intimidate Victim 1 and the victim's family residing in Italy.   Victim 1 was thereafter beaten with a baseball bat on April 28, 2011.

This matter is before the Court on various motions filed by the parties:   1) Motion for Bill of Particulars; 2) Motion for Discovery; and, 3) Motion to Dismiss the Indictment.   Responses and replies have been filed.   Hearings and conferences have been held in this matter.

## II.   ANALYSIS

### A.   Motion for Admission of Evidence Pursuant to Fed. R. Evid. 404(b) (Doc. No. 24)

The Government seeks to admit certain prior bad acts by Defendants under Rule 404(b) of the Rules of Evidence.   These prior bad acts are purported prior threats made by Defendants in 1995 when an individual, Confidential Witness 1 ("CW-1"), was hired by Defendants.   CW-1 left Defendants' restaurant and worked for another Italian restaurant two blocks away, Café Italia.   Defendants later approached CW-1 threatening CW-1 with a shotgun.   Café Italia was thereafter sold to Defendants. Defendants then closed down the restaurant.

Defendants claim that they have no way of confirming the witness' identity, his

2

relationship to the complaining witness or any other way to challenge whether the prior bad act occurred.  Defendants claim they have had no disclosure from the Government as to the identity of CW-1.  They further claim that the evidence is more prejudicial than probative.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  Courts have recognized the use of other crimes or other bad acts permissible as evidence at trial.  *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984).  A three-step inquiry is used to determine the admissibility of 404(b) evidence:  1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and, 3) whether the "other acts" evidence is more prejudicial than probative under Rule 403.  *United States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

As to the first step of the inquiry that the prior act occurred, Defendant

Giuseppe D'Anna asserts in his response that he has no way of confirming the witness' identity who made such an allegation 14 to 17 years ago. Defendant Giuseppe D'Anna seeks appropriate disclosures from the Government as to the witness' identity so he can make a determination if there is sufficient evidence that the prior bad act occurred. It appears that evidence exists that the prior threats occurred. The Government will need to make a proffer of such evidence at trial prior to its introduction.

Addressing the second and third steps–the prior threats may be relevant to show motive, pattern, etc. And, if Defendants engage in such a pattern, then the prior threats are more probative and, even though prejudicial, outweigh any danger of unfair prejudice. The Court grants the Government's motion if the Government makes a sufficient proffer at trial as to the witness' identity, the specifics of the witness' relationship with Defendants, where and when the alleged threats occurred, and whether the restaurant was in fact closed thereafter.

**B.    Motion for Bill of Particulars (Doc. No. 32)**

Both Defendants move for a bill of particulars from the Government as to the Indictment in order to properly prepare for trial. They argue that the Indictment and/or current discovery do not provide specifics as to when, where and how the allegations occurred so that Defendants are able to defend the allegations at trial.

4

Specifically, Defendants seek the following:

>   1.      the factual basis of Mr. Joe D'Anna's interference with interstate commerce;
>   2.      what property Mr. Joe D'Anna and/or Mr. Girolamo D'Anna attempted to obtain from Pietro Ventimiglia;
>   3.      approximate dates of acts alleged in 2009 as well as where these events occurred and who was present;
>   4.      the date that the alleged conspiracy began, location of the conspiratorial acts, individuals alleged to have participated in the conspiracy, and subsequent dates of activity related to the alleged conspiracy;
>   5.      any overt acts conducted by Mr. Joe D'Anna and/or Mr. Girolamo D'Anna in planning the conspiracy or extortion;
>   6.      any overt acts conducted by Mr. Joe D'Anna and/or Mr. Girolamo D'Anna in carrying out the conspiracy or extortion.

The Government responds that this motion is an attempt by the Defendants to obtain discovery and trial information beyond that required by the rules. The Government further responds that it has provided extensive discovery to the Defendants as early as March 15, 2013, including letters detailing two post-arrest statements by Guiseppe "Joe" D'Anna to law enforcement, Shelby Township police reports including witness statements describing the 2009 and 2011 incidents referred in the Indictment, photographs of the scene of the April incident and the victim's injuries, various reports detailing forensic tests, and the victim's medical records. The Government asserts that it responded in October 2013 to the defense's request to produce color photographs.

5

The Federal Rules of Criminal Procedure provide that a defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits for a bill of particulars. Fed. R. Crim. 7(f). To avoid unfair surprise at trial and to assist defendants in preparing their defense, the bill of particulars allows defendants to elicit greater detail regarding the charges against them. *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993). It is not meant, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004). Defendants must show that the information is necessary to the preparation of their defense. *United States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976). An indictment is adequate if it states the elements of the offense charged, notifies the defendant of what he must be prepared to meet, and permits the defendant to plead double jeopardy later. *United States v. Cor-Bon Custom Bullet Co.,* 287 F.3d 576, 579 (6th Cir. 2002). Where an indictment sets forth the elements of the charge, the time and place of a defendant's conduct in violation of the law, and the citation of the relevant statute, a bill of particulars is not necessary. *U.S. v. Gross,* 2007 WL 1556638 at *1 (E.D. Mich. May 30, 2007). To the extent that the Court must forecast the likely nature of proof at trial, the Court should note the extensive discovery and supplied details in the indictment. *United States v. Hamilton,* 2012 WL 4089908 at *1 (S.D. Ohio Sept. 17,

6

2012). The Court may consider such factors as the complexity of the crime charged, the clarity of the indictment, the degree of discovery and other sources of information otherwise available to the defendants. *Id.* If an indictment has set out the charges in sufficient detail, no bill of particulars is necessary, where a defendant can readily discern the nature of the charges pending against him or the time frame in which the alleged acts occurred. *Id.* In a conspiracy case, the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy. *United States v. Hayes (Walker)*, 1989 WL 105937 at *4 (6th Cir. Sept. 14, 1989). A bill of particulars cannot be used to discover overt acts. *Salisbury,* 983 F.2d at 1375. On appeal, a defendant must show not only that the trial court abused its discretion, but also that the defendant actually suffered surprise or other prejudice at trial. *Id.*

As to requested items 3 through 6, the Indictment sufficiently alleges the time and place of the alleged conducts at issue. The Indictment alleges two dates, sometime in 2009 and April 28, 2011. The conspiracy dates alleged begin in 2009 through 2011. The target of the place at issue is located in Shelby Township, Michigan. Defendants also have discovery, including police reports which would include more specific dates and witnesses. As to overt acts in furtherance of the conspiracy, the Government is not required to disclose all overt acts involved.

Regarding the requested item 1 as to the interstate commerce requirement under

the Hobbs Act, the Government must prove two elements:  1) interference with interstate commerce 2) in the course of a substantive criminal act.  *United States v. Ostrander,* 411 F.3d 684, 691 (6th Cir. 2005).  Only a showing of *de minimis* connection with interstate commerce is required to satisfy the Hobbs Act.  *United States v. Davis,* 473 F.3d 680, 681-82 (6th Cir. 2007).  Where the criminal act, such as a robbery, involves a private individual and not a business enterprise, the government must show that there is a substantial connection between the private individual and the business engaged in interstate commerce.  *United States v. Wang,* 222 F.3d 234, 239-40 (6th Cir. 2000).  However, robbing a business that is engaged in interstate commerce is sufficient to allege a *de minimis* effect on interstate commerce.  *Id.* at 240.

The Indictment in this case alleges that Defendants attempted to extort, stop, shut down and interfere with the business interests of the owner who operates a business, Noona's Kitchen.  The Government has notified Defendants of its theory that Defendants are alleged to have confronted Victim 1 and another individual, threatening these individuals and their families if the competing restaurant, Noona's Kitchen, was not closed.  In this case, the threat was used to intimidate the victims to close a business, not merely a robbery of or extortion of an individual.  The interstate commerce connection is sufficiently alleged in the Indictment.  The Indictment

8

sufficiently alleges an economic component affecting interstate commerce by the alleged threats to close down a business. *See, Purnell v. U.S.,* 496 F. App'x 596, 602 (6th Cir. Aug. 27, 2012).

Regarding the requested item 2, the predicate crime of extortion and Defendants' request as to what property was obtained based on the extortion, the term "extortion" under the Act means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear. 18 U.S.C. § 1951(b)(2). The Supreme Court has held that the Hobbs Act requires a person must "obtain" property from another party to commit extortion. *Scheidler v. National Organization for Women, Inc.,* 537 U.S. 393, 404 (2003). "Depriving" another of a property right of exclusive control of a business asset, is insufficient to constitute extortion under the Hobbs Act. *Id.* The predicate crime of extortion must allege that a defendant "obtained" or "attempted to obtain" property from the victim. *Id.* at 409. The Indictment in this case fails to allege that Defendants "obtained" or "attempted to obtain" any property from the victims. The Indictment only alleges that Defendants attempted to extort, and thereby stop, shut down and interfere with the business interests of the victims. Defendants' request for a bill of particulars as to what property was obtained or attempted to obtain is granted as to requested item 2.

**C.     Motion for Discovery (Doc. No. 33)**

9

Defendants seek supplemental discovery under *Brady, Giglio* and *Jencks*, recognizing the obligations under Rule 16 of the Rules of Criminal Procedure and the Eastern District of Michigan Standing Order for Discovery. Defendants allege that the Government is withholding witness statements, grand jury materials and the identity of witnesses from the United States and Italy until three weeks before trial. Defendants supplemented their motion by seeking medical and dental records regarding Pietro Ventimiglia, financial information of Noona's Kitchen six months prior and six months after the alleged assault, and any neuropsychological testing of Mrs. Ventimiglia.

The Government responds that its witnesses from Italy now reside in the United States. The Government claims it has complied with and will continue to comply with the discovery requirements under 18 U.S.C. § 3500, Fed. R. Crim. P. 16 and the Court's Standing Order for Discovery. The Government asserts it will comply with any notice required under Rule 16 and that it has already notified Defendants as to any Rule 404(b) issues when the motion to admit such was filed.

Under *Brady v. Maryland,* 373 U.S. 83 (1963), the Supreme Court requires disclosure of exculpatory information in its possession. The Government must disclose evidence affecting the credibility of a witness but there is no general right to pre-trial discovery of impeachment evidence. See *United States v. Presser*, 844 F.2d

10

1275, 1283 (6th Cir. 1988); *Giglio v. United States,* 405 U.S. 150 (1972). No specific time prior to trial is set forth in Rule 16 or the Court's Standing Order.

The Jencks Act, 18 U.S.C. § 3500, states that any statement or report in the possession of the Government made by a Government witness or prospective Government witness need not be subjected to subpoena or discovery or inspection until the witness has testified on direct examination at trial. Witness statements, as defined under § 3500(e), includes: 1) written statements made by the witness and signed or otherwise adopted or approved by the witness; 2) contemporaneous and substantially verbatim electronic recordings; and 3) grand jury transcripts. The court has no general supervisory power to order the production of those records prior to the witness testifying. *United States v. Algie,* 667 F.2d 569 (6th Cir. 1982). The Sixth Circuit has held that there is no requirement that Jencks material be distributed prior to the trial. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). The Standing Order provides that disclosure of Jencks Act material prior to trial is not required.

At this time, it appears the Government has provided the discovery required, other than that required to be produced at trial. The Government has agreed to provide certain materials three weeks prior to trial, as noted by the Defendants. Defendants' Motion for Discovery is denied without prejudice.

### D.    Motion to Dismiss Indictment (Doc. No. 34)

Defendants seek to dismiss the predicate crime of extortion, conspiracy to commit extortion or attempt to commit extortion, as unfounded. Defendants argue that the Indictment fails to allege the "obtaining property" requirement under the Hobbs Act as to the predicate crime of extortion.

The Government responds that the Indictment clearly meets the basic standards of pleading  the crime alleged. The Government asserts the Indictment is sufficient because the Hobbs Act crimes specifically allege the time and place, citing *U.S. v. Cobb,* 397 F. App'x 128 (6th Cir. Sept. 2, 2010).

Motions to dismiss in a criminal action are governed by Rule 12 of the Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring a motion challenging "a defect in the indictment or information, including "a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. Second, the indictment is sufficient if it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment as drafted is presumed sufficient if it tracks statutory language, cites the elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy,*

1 F.3d 1501, 1504 n. 3 (6th Cir. 1993).  A motion to dismiss is limited to the four corners of the indictment and that the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government.  *United States v. Keller,* 2009 WL 2475454 * 4 (E.D. Mich. Aug. 11, 2009) (unpublished); *United States v. Landham,* 251 F.3d 1072, 1080 (6th Cir. 2001)(A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

The Court has addressed the Hobbs Act extortion predicate act above related to Defendants' Motion for Bill of Particulars finding that the Indictment fails to sufficiently allege the "obtaining" or "attempt to obtain" property element required. It is noted that the *Cobb* case cited by the Government involves a Hobbs Act predicate crime of "robbery", not extortion.  The *Cobb* case did not address the elements required to show extortion.  The Court denies, without prejudice, Defendants' Motion to Dismiss pending the Government's Bill of Particular as noted above.  If Defendants are not satisfied with the Bill of Particular submitted by the Government, the Defendants may refile a Motion to Dismiss based on this element of the crime charged.

### E.   Motion to Exclude Testimony of Government's "Expert Witness" and for Daubert Hearing (Doc. No. 42)

Both Defendants seek to preclude the Government from calling former Special

13

Agent, Carmine Francis Russo as an "expert on the Sicilian Mafia." Defendants argue that the expert's opinions are not based on sufficient facts and are not relevant. Defendants claim there is no need for expert testimony to decipher the statements, such as "I will kill you, your family, your kids and your family in Italy," which were made in the heat of the moment and are in plain language.

The Government responds that SA Russo's testimony is contingent on the testimony of the victims at trial. The Government claims SA Russo will testify to the meaning of coded phrases in the context of the Sicilian Mafia. The Government asserts that SA Russo will testify that in Sicily, the Mafia controls the town, and the head of the Mafia in the town has complete say over both a legal and an illegal company. Those seeking to open a business must seek permission from the head of the Mafia. If permission is not sought, the Government claims that the individual opening a business without permission faces violence from the Mafia, including death. The Government argues that SA Russo is highly qualified to render opinions about the Sicilian Mafia, its structure and meaning of coded phrases. SA Russo was born and raised in Sicily. He served as an Assistant Legal Attache for the U.S. Embassy in Rome from 1984 to 1989, where he assisted the Italian law enforcement in the investigation and prosecution of organized crime, both in Italy and the United States. He was the FBI's Legal Attache in Italy from 1997 to 2000, making him the top-

14

ranking law enforcement officer in the country. He investigated organized crime in the United States from 1978 through 2002 as a case agent in the "Pizza Connection"investigation in New York and Detroit. He was also one of the case agents in the investigation of John Gotti and his associates in New York. The Government notes that the defense does not offer any challenge to Agent Russo's qualifications.

Rule 702 of the Rules of Evidence governs the admissibility of expert testimony. The trial court must determine whether the expert meets three requirements: 1) that the witness must be qualified by "knowledge, skill, experience, training or education;" 2) the proffered testimony is relevant and "will assist the trier of fact to understand the evidence or to determine a fact in issue;" and, 3) the testimony is reliable in that it is based on scientific, technical or other specialized knowledge. Fed. R. Evid. 702; *In re Scrap Metal Antitrust Litigation,* 527 F.3d 517, 529 (6th Cir. 2008). As to the third requirement, in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the United States Supreme Court set forth factors to be considered in determining whether to admit expert testimony as reliable. The four factors are: 1) whether a theory or technique can be (and has been) tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error in using a particular and scientific technique

and the existence and maintenance of standards controlling the technique's operation; and 4) whether the theory or technique has been generally accepted in the particular scientific filed. *Id.* at 593-94. The factors are neither definitive, nor exhaustive, and may or may not be pertinent to the assessment in any particular case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The factors will often be appropriate in determining reliability. *Id.* at 152. The trial court has broad latitude to determine whether these factors are reasonable measures of reliability in a particular case. *Id.* at 153. The test of reliability is "flexible," and the *Daubert* factors do not constitute a definitive checklist or test and may not be dispositive in every case. *In re Scrap Metal,* 527 F.3d at 529.

As to the first factor under Rule 702, the expert's qualification as to SA Russo on Sicilian Mafia structure and the language used is not in dispute. Based on SA Russo's experience, he is qualified on the subject matter at issue.

Regarding the second factor, relevancy and whether such testimony assists the trier of fact, the Government argues that SA Russo's testimony is relevant and is crucial to its case establishing the words used in connection with the victim's opening of the business, specifically the coded threat. The Government claims that SA Russo will not testify that Defendants are members of the Mafia or that they had a certain state of mind or intent on the dates charged in the Indictment. The Government

argues SA Russo will only explain the coded meaning of the words of the Defendants as used in this case.  Based on the Government's proffer, it appears that SA Russo will not be testifying as to whether Defendants are members of the Mafia, but as to the structure and the coded language used by the Sicilian Mafia.  This testimony appears to be relevant to the Government's case.

The third factor, reliability, has also been met, based on SA Russo's "specialized knowledge" of the Sicilian Mafia structure and language used.  The factors in *Daubert* are not relevant in this case since the testimony is not based on scientific evidence, but rather on the expert's specialized knowledge, which is expressly allowed in Rule 702.

As long as SA Russo is not offering any testimony as to the specific Defendants and their background, then SA Russo's testimony as an expert on Sicilian Mafia structure and its coded language is admissible.  However, SA Russo may only testify if the Government can establish facts that tie Defendants to the families in Sicily and if any statements made by other witness' testifying at trial requires SA Russo's specialized knowledge of the Sicilian Mafia structure and language used.

### F.    Defendants' Motion to Compel Compliance with Subpoena Duces Tecum (Doc. No. 47)

Defendants seek to compel James R. Andary, counsel for Pietro or Maria Ventimiglia, to testify and bring with him the retainer agreement between Mr. Andary

17

and the Ventimiglias.  Defendants also seek any correspondence and documentation between Mr. Andary and the U.S. Attorney's office, or the Justice Department or prosecuting attorney with the State of Michigan as to the April 28, 2011 incident. Mr. Andary responded that the discovery sought was protected by the attorney-client privilege, and that any testimony provided by the Ventimiglias will be a matter of public record since they made statements to the officers on the scene.  Defendants argue that Mr. Andary's email response is not responsive to the subpoena and no motion to quash or modify the subpoenas has been field by Mr. Andary.

The Government argues that Rule 17(c) of the Rules of Criminal Procedure does not provide a means of discovery for criminal cases.  The Government further argues that the items sought by Defendants are not relevant and are inadmissible impeachment evidence as to the Ventimiglias.

The Government did not address the issue of whether it has standing to challenge the subpoena.  The opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.  *United States v. Beckford*, 964 F.Supp. 1010, 1023 (E.D. Va. 1997).  The Advisory Committee Notes to Rule 17(c) states that Rule 17(c) is the same as Rule 45(b) of the Rules of Civil Procedure and

18

that the motions to quash is to protect the person or entity subject to the subpoena. *United States v. Compton,* 1994 WL 328303, *3 (6th Cir. Jul. 1, 1994); *Untied States v. Justice,* 2011 WL 820902, *6 n. 2 (6th Cir. June 25, 2001). Although the Sixth Circuit has only expressed doubt as to the Government's standing to challenge the subpoena, other courts have held that the government lacks standing to challenge a subpoena to a third party if it lacks an injury in fact. *United States v. Tomison*, 969 F.Supp. 587 (E.D. Cal. 1997). The party seeking to quash a subpoena has the burden of proving that it has standing to move to quash the subpoena. *Id.* at 596. Here, Mr. Andary was served with the subpoena and has not challenged such before the Court. It appears the Government does not have standing to challenge the subpoena at issue. However, the Supreme Court has noted that it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for the proper purpose. *Bowman Dairy Co. v. United States,* 342 U.S. 214, 221 (1951).

Rule 17(c) of the Rules of Criminal Procedures provide that a subpoena may order the witness to produce books, papers, documents, data or other objects the subpoena designates in court before trial or before they are to be offered in evidence. Fed. R. Crim. P. 17(c)(1). "When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1). The Court may quash or modify the subpoena if compliance would be unreasonable or

oppressive.  Fed. R. Crim. P. 17(c)(2).  A subpoena issued under Rule 17(c) may not be issued for pretrial discovery purposes because Rule 17 authorizes subpoenas for production of *evidence at trial*.  *United States v. Skeddle,* 178 F.R.D. 167, 168 (N.D. Ohio 1996); *United States v. Nixon*, 418 U.S. 683 (1973).  In order for a Rule 17(c) subpoena to be enforceable, the evidence sought to be produced must be relevant, admissible, and specific.  *Skeddle,* 178 F.R.D. at 168.  A subpoena may be quashed if it is to obtain evidence that is extrinsic evidence attacking the credibility of a witness under Fed. R. Evid. 608(b).  *United States v. Polizzi*, 801 F.2d 1543, 1551 (9th Cir. 1986).

The Supreme Court has established a four-part test that requires the party seeking the subpoena to demonstrate that: 1) the documents are evidentiary and relevant; 2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and, 4) the application was made in good faith and is not a fishing expedition.  *Id.* at 701.

Here, if the purpose of the evidence is to attack the credibility of the witness, then the subpoena may be quashed since the documents sought do not go to the facts at issue in the Indictment.  Other than impeachment or credibility, Defendants have not shown that the documents are evidentiary and relevant to the facts at hand.  Based

on Mr. Andary's email to the defense, it appears that his clients will be testifying to their statements made to the officers, which are a matter of public record and the defense should have those statements already from the Government. Defendants have failed to carry their burden that the requested documents from Mr. Andary are relevant, other than for impeachment purposes. The subpoena issued by Defendants to Mr. Andary is quashed.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Government's Motion for Admission of Evidence Pursuant to Rule 404(b) **(Doc. No. 24)** is GRANTED as more specifically ruled above.

IT IS FURTHER ORDERED that Defendants' Motion for Bill of Particulars **(Doc. No. 32)** is GRANTED as more specifically ruled above. The Government must file such within 14 days from the date of this Order.

IT IS FURTHER ORDERED that Defendants' Motion for Discovery **(Doc. No. 33)** is MOOT in light of the Government's statements it has complied with its discovery requirements and to provide Defendants evidence 3 weeks prior to trial.

IT IS FURTHER ORDERED that Defendants' Joint Motion to Dismiss Indictment **(Doc. No. 34)** is DENIED without prejudice.

21

IT IS FURTHER ORDERED that Defendants' Joint Motion to Exclude Testimony of Government's "Expert Witness" and for Daubert Hearing **(Doc. No. 42)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Giuseppe D'Anna's Motion to Compel Compliance with Subpoena Duces Tecum **(Doc. No. 47)** is DENIED. The Subpoena issued to James R. Andary is QUASHED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager