UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUISEPPE D'ANNA (D-1) and
GIROLAMO D'ANNA (D-2),

    Defendants.

_____/

Case No. 13-20119

HONORABLE DENISE PAGE HOOD

**ORDER REGARDING VARIOUS MOTIONS
AND SETTING NEW DATES**

**I.     BACKGROUND**

This matter is before the Court on various motions filed by the parties: 1) Defendants' Renewed Motion to Dismiss; 2) Defendant Girolamo D'Anna's Motion to Sever; 3) Government's Motion in Limine re Reputation; 4) Government's Motion in Limine re Psychiatric Referrals; 5) Government's Motion in Limine to Exclude References to State Case and Nolo Contendere Pleas; and, 6) Motion/Stipulation to Adjourn Trial Date.  Briefs have been filed and a hearing held on the matter on August 6, 2015.

On February 13, 2013, the grand jury indicted Defendants Guiseppe D'Anna and Girolamo D'Anna on three counts under the Hobbs Act, 18 U.S.C. § 1951, for

conspiracy and extortion. Defendants are charged with conspiring to commit extortion and interfering with the business interests of certain Victim 1 who owns and operates Nonna's Kitchen restaurant in Shelby Township, Michigan, and that such acts affected commerce. (Indictment, Doc. No. 3)

The underlying facts according to the Government is that beginning in the fall of 2009, Defendants owned and operated an Italian restaurant, called Tira Mi Su. Victim 1 began renovating a nearby Italian restaurant called Noona's Kitchen. Defendants are alleged to have confronted Victim 1 and another individual and threatened their families if the competing restaurant was not closed. Defendant Guiseppe D'Anna allegedly used his family's reputation for leading a Sicilian Costa Nostra, or Mafia, family in Terrasini, Italy, to intimidate Victim 1 and victim's family residing in Italy. Victim 1 was thereafter beaten with a baseball bat on April 28, 2011.

## II. ANALYSIS

### A. Renewed Motion to Dismiss Indictment by Defendants

Defendants now seek reconsideration of the Court's denial without prejudice of the Motion to Dismiss the Indictment in light of the Government's response to the Defendants' Motion for Bill of Particulars as to what property Defendants attempted to obtain from the victim. The Government's response was:

> In response to the Court's Order, the Government specifies that the property defendants sought to extort from the

> victim consisted of the right to solicit restaurant patrons, including the increased revenues and good will from those patrons, and market share in the restaurant trade in the Shelby Township, Michigan area.

(Motion, Doc. No. 61, Pg ID 358) Defendants argue that the intangible property identified by the Government is not considered "property" under the Hobbs Act which requires dismissal of the charges against Defendants.

The Government responds that its case involves the "competitor" theory against Defendants and that the intangible right to solicit business is a recognized property under the Hobbs Act. The Government claims Defendants have not shown that the "competitor" theory under the Hobbs Act is not applicable to the charges against them.

In a previous order granting Defendants' Motion for Bill of Particulars and denying without prejudice Defendants' Motion to Dismiss the Indictment, the Court indicated that in light of the Government's response to the Bill of Particulars issue as to the "property" sought to be extorted, Defendants may renew their Motion to Dismiss. The term "extortion" under the Hobbs Act means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear. 18 U.S.C. § 1951(b)(2). The Supreme Court has held that the Hobbs Act requires a person must "obtain" property from another party to commit extortion. *Scheidler v. National Organization for Women, Inc.,* 537 U.S. 393, 404

(2003). "Depriving" another of a property right of exclusive control of a business asset, is insufficient to constitute extortion under the Hobbs Act. *Id.* The predicate crime of extortion must allege that a defendant "obtained" or "attempted to obtain" property from the victim. *Id.* at 409.

The Supreme Court in *Scheidler* and *Sekhar v. United States,* 133 S.Ct. 2720 (2013), held that under the Hobbs Act, the Government may charge a person who obtains money by threatening to deprive a third party of an intangible right to solicit business. In *Scheidler*, the Supreme Court noted that it did *not* reject the Second Circuit's decision in *United States v. Tropiano*, 418 F.2d 1069, 1076 (1969) which held that "the intangible right to solicit refuse collection accounts 'constituted property within the Hobbs Act definition.'" *Scheidler*, 537 U.S. at 402 n. 6. In *Sekhar*, the Supreme Court also noted,

> It may well be proper under the Hobbs Act for the Government to charge a person who obtains money by threatening a third party, who obtains funds belonging to a corporate or governmental entity by threatening the entity's agent, . . . or who obtains 'goodwill and customer revenues' by threatening a market competitor, see, *e.g.*, *United States v. Zemek*, 634 F.2d 1159, 1173 (9th Cir. 1980). Each of these might be considered 'obtaining property from another.'

*Sekhar,* 133 S.Ct. at 2725 n. 2.

The more particularized statement submitted by the Government alleges that the

4

property at issue is "the right to solicit restaurant patrons, including the increased revenues and good will from those patrons, and market share in the restaurant trade in the Shelby Township, Michigan area." This language tracks the language noted by the Supreme Court, *supra*. The Government alleges that Defendants' market competitor was extorted of his property right to solicit restaurant patrons and good will. This is sufficient to allege the "property" element in the Hobbs Act charge against Defendants. Defendants' Renewed Motion to Dismiss is denied.

### B. Defendant Girolamo D'Anna's Motion to Sever

Defendant Girolamo D'Anna seeks severance because he asserts he has no co-ownership interest in the entity, Tira Mi Su. He further claims that the evidence as to Defendant Guiseppe D'Anna in 1995 threatening a victim would prejudice Girolamo D'Anna because he does not own Tira Mi Su. The Government responds that the severance request should be denied because this case is a conspiracy charge. While the Government agrees Defendant Girolamo D'Anna is not implicated in the 1995 incident, this fact does not support severance, just because the proof is greater against a co-defendant or that there may be a "spillover" effect of the evidence.

Rule 14(a) of the Rules of Criminal Procedure provides, "if the joinder of offenses or defendants in an indictment, ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials,

or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). There is a preference in the federal system for joint trials of defendants who are indicted together because it promotes efficiency and serve the interests of justice by avoiding inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The rules are liberally construed in favor of joinder and it is presumed that the jury is capable of sorting out evidence and considering the case of each defendant separately. *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993); *United States v. Darden,* 70 F.3d 1507, 1526 (8th Cir. 1995). The party seeking severance "has a heavy burden of showing specific and compelling prejudice." *Harris,* 9 F.3d at 500. Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Zafiro,* 506 U.S. at 540. A defendant must demonstrate that "an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Gardiner,* 463 F.3d 445, 473 (6th Cir. 2006). The Sixth Circuit has held that severance is not justified where there may be a "spillover of evidence" from one defendant to another. *United States v. Lopez,* 309 F.3d 966, 971 (6th Cir. 2002). "Merely because inflammatory evidence is admitted against one defendant, not directly involving another co-defendant (and with which the other is not charged) does not, in and of itself, show substantial prejudice in the

latter's trial." *United States v. Gallo*, 763 F.2d 1504, 1525-26 (6th Cir. 1985).

Defendant Girolamo D'Anna has not met his heavy burden of showing specific and compelling prejudice to sever the trial from his co-defendant. As noted above, the Sixth Circuit has denied severance in instances where evidence against a co-defendant may have a "spillover" effect to another co-defendant. The Motion to Sever by Defendant Girolamo is denied.

### C. Motion in Limine for Admission of Evidence of Defendants' Reputation filed by the Government

The Government seeks to introduce evidence of the Defendants' reputation as members of an organized crime group. The Government asserts that the victim was warned that if he called the police, the victim's family and his parents in Italy would be killed. The Government claims that the victim found the threats frightening because he knew Defendants' father is a Mafia crime boss in Terrasini, Italy, where some of the victims' still resided. Defendants respond that the Government has totally gone out on a limb to make the allegations that Defendants have a reputation as members of an organized crime group. They assert that their reputation is unwarranted, misguided and inadmissible in a Hobbs Act charge.

The Hobbs Act provides,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so

> to do, or commits physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section. ...

"Extortion" is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

Rule 403 of the Rules of Evidence allows the court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. The Government asserts that Defendant Guiseppe D'Anna threatened the victim by asking the victim if he had sought "permission" to open the restaurant with the Defendant's father in Italy. It is the Government's theory that Defendant Guiseppe D'Anna used his and his family's reputation for leading a Sicilian La Costa Nostra, or Mafia, family in Terrasini, Italy, to place the victim in fear and attempt to intimidate and threaten the victim and his family here and in Italy. If the Government can show (by witnesses, including the victim) that both or either Defendants are members of organized crime, then the evidence as to Defendants' father's position in Italy is relevant as to Defendants' threats to the victim that he and his family here and in Italy would be killed.

The Sixth Circuit, in a Hobbs Act extortion case, has allowed evidence as to a defendant's reputation that the defendant could generate fear in a victim. *United*

*States v. Billingsley,* 474 F.2d 63, 66-67 (6th Cir. 1973). Court have allowed evidence of an enterprise's reputation as a "fearsome group" in RICO cases. *See, United States v. Carlisle,* 287 F. App'x 516, 519 (6th Cir. 2008). The evidence that Defendants are members of organized crime is highly prejudicial. However, this evidence is relevant under Rule 401 to show why the victim was fearful and that Defendants may have the means to follow through with the threats to the victim and his family. The Government's motion is granted.

### D.   The Government's Motion In limine to Preclude Reference to Psychiatric Referrals

The Government seeks to exclude evidence that the victim was referred for psychiatric evaluations since the victim was unable to complete any referrals. Specifically, the Government claims that any sleep issue the victim may have had has been resolved. No response was filed by Defendants as to this motion.

Since no written opposition to this motion was filed by Defendants, the Court grants the Government's motion.

### E.   The Government's Motion in Limine to Exclude References to State Case and Nolo Contendere Pleas

The Government seeks to exclude Defendants' state criminal case and their nolo contendere pleas during the state court proceedings. Following the alleged incident in victim's restaurant on April 28, 2011, Defendants were criminally charged before

9

the Macomb County Circuit Court, State of Michigan, where they entered pleas of nolo contendere to assault with a dangerous weapon, a lesser offence, receiving 60 days in jail, with three years' probation. Defendants oppose the motion since the applicable rules of evidence protects a defendant, not the Government. Defendants claim the Government is attempting to preemptively craft an argument on behalf of Defendants regarding their guilt or criminal accountability. Defendants claim this evidence may be relevant for impeachment purposes.

Rule 410 provides that evidence of a nolo contendere plea is not admissible against a defendant who made a plea or participated in such plea discussion. Fed. R. Evid. 410. Generally, it is the defense who seeks to exclude such evidence of a prior criminal case. Because Rule 410 provides that a nolo contendere plea cannot be used *against* a defendant, the Court denies without prejudice the Government's motion. At the time when the defense seeks to admit the nolo contendere pleas (in their defense or for impeachment purposes), the parties should first seek permission to use such evidence at trial. The Court, at this time, is unable to determine whether the defense's use of this evidence would be relevant or useful as impeachment. The Government's motion is denied without prejudice.

### F.     Government's Motion (Stipulation) to Adjourn Trial

The Government seeks to adjourn the October 6, 2015 trial date because

counsel will be in trial immediately preceding that date and will not have time to properly prepare. Defendants consented to the motion and agreed to waive their rights to a speedy. The Court so grants the motion.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Renewed Motion to Dismiss (No. 61, 6/3/15) is DENIED.

IT IS FURTHER ORDERED that Defendant Girolamo D'Anna's Motion to Sever (No. 62, 6/3/15) is DENIED.

IT IS FURTHER ORDERED that the Government's Motion in Limine re Reputation (No. 67, 6/18/15) is GRANTED.

IT IS FURTHER ORDERED that the Government's Motion in Limine re Psychiatric Referrals (No. 69, 6/19/15) is GRANTED.

IT IS FURTHER ORDERED that the Government's Motion in Limine to Exclude References to State Case and Nolo Contendere Pleas (No. 70, 6/19/15) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion/Stipulation to Adjourn Trial Date (No. 73, 7/8/15) is GRANTED. The following dates govern this matter:

        Plea Cut-Off Date:        March 22, 2016
        Final Pretrial Conference:    March 22, 2016, 2:30 p.m.

Jury Trial: **April 12, 2016, 9:00 a.m.**

IT IS FURTHER ORDERED that the dates in this Order constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) from the current trial date of October 6, 2015 to the new trial date set for April 12, 2016. Defendants waived their rights under the Speedy Trial Act on the record. The Court finds that the ends of justice served by the delay outweigh the best interest of the public and these Defendants in a speedy trial.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 1, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 1, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager