UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUISEPPE D'ANNA (D-1),

    Defendants.
_____/

Case No. 13-20119

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT GUISEPPE D'ANNA'S MOTION TO ALLOW
CREDIT FOR SIXTY (60) DAYS SERVED IN HIS
RELATED STATE CONVICTION**

On October 18, 2016, Defendant Guiseppe D'Anna filed the instant Motion to Allow Credit for Sixty (60) Days Served in His Related State Conviction. The Government filed a response opposing the motion on October 25, 2016 and Defendant filed a reply on November 2, 2016. Defendant waived oral argument in his reply brief.

Defendant entered into a Rule 11 Plea Agreement with the Government on April 6, 2016. (Doc. No. 96) A Presentence Report was prepared by the Probation Department. The parties had the opportunity to review the Report, submit sentencing memoranda and argue their respective positions before the Court. The Court determined the guideline range at 33 to 41 months of imprisonment. The

Government recommended a 33 months term of imprisonment, while the defense recommended a term of probation. On October 17, 2016, the Court sentenced Defendant to a 16-month term of imprisonment. Defendant now seeks to "clarify" whether or not the Court considered U.S.S.G. § 5K2.23 in its variance at sentencing. If not, Defendant requests that the Court further depart downward an additional 60 days from the 16-month term of imprisonment imposed by the Court.

The Court notes that Defendant did not expressly request a downward departure under § 5K2.23, although Defendant sought a variance from the guideline range to a term of probation. None of the submissions filed by the parties expressly raised a downward departure under by the parties in any of its papers or at any of the sentencing hearings. Neither the Presentence Report nor the objections thereto expressly address a downward departure under § 5K2.23.

Generally, the Attorney General, through the Bureau of Prisons, and not the district court, has the authority to grant credit for time served under 18 U.S.C. § 3585(b). *United States v. Wilson,* 503 U.S. 329, 333 (1992); *United States v. Sylvester,* 289 F. App'x 860, 867 (6th Cir. 2008). The Court is authorized to depart downward in certain circumstances. In the instant motion, Defendant identifies § 5K2.23 of the United States Sentencing Guidelines (2015) which provides:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2)

> subsection (b) of § 5G1.3 (Imposition of a Sentence on a defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23. Section 5G1.3(b) provides for an adjustment if a prior term of Imprisonment "resulted from another offense that is relevant conduct to the instant offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 5G1.3(b) (2015). The Court may then adjust the sentence "if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1) (2015). Departures under § 5K2.23 are discretionary. *United States v. Reeves,* 226 F. App'x 234, 236-37 (6th Cir. Apr. 6, 2007).

The Presentence Report provides that on October 27, 2011, Defendant pled nolo contendere to Assault with a Dangerous Weapon and Bribing/ Intimidating/Interfering with Witnesses before the Sixteenth Circuit Court, Mt. Clemens, Michigan. Defendant was sentenced on January 6, 2012 to 3 years of probation, 60 days jail time, 90 days on tether, $32,265.83 in restitution and $4,399.17 in fines and cost. Defendant satisfied his restitution obligation and was discharged from probation on

3

April 2, 2014.

The offense before the state court is relevant conduct to the charge before this Court. The Court did not make any express determination as required under § 5G1.3(b)(1) whether the Bureau of Prisons would not credit any of the time served in the state court sentence to Defendant's federal sentence since Defendant did not expressly request the Court to depart downward under § 5K2.23 and make such a finding. The Court, however, granted Defendant's request to depart below the Guideline range (although not to the term of probation he requested) by imposing a 16-month term of imprisonment. The Court expressly imposed the sentence after noting the factors the Court must consider under 18 U.S.C. § 3553(a). One of the reasons for the Court's variance below the Guideline range was that Defendant had served his sentence for the relevant Assault with a Dangerous Weapon and Bribing/Intimidating/Interfering with Witnesses. Although the Court did not expressly depart downward based on § 5K2.23, the Court's sentence took into consideration Defendant's discharged sentence before the state court, including the 60 days Defendant served in jail. The Court finds that the sentence imposed is a reasonable punishment for the crime Defendant pled guilty to and will not further depart downward.

Accordingly,

4

IT IS ORDERED that Defendant Giuseppe D'Anna's Motion to Allow Credit for Sixty (60) Days Served in His Related State Conviction **(Doc. No. 104)** is **GRANTED IN PART** as to his request to clarify, but **DENIED IN PART** as to his request for an additional 60 days' credit to the sentence imposed by the Court.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: November 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager